---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter __**11**__

☐ Check if this an
   amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
<span style="float:right">06/22</span>

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **DeCurtis LLC** | |

| | | | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **DeCurtis Corporation** | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **52-2079241** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **3208 East Colonial Drive** <br> **C 190** <br> **Orlando, FL 32803** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Orange** <br> County | **Location of principal assets, if different from principal place of business** <br> **300 Dominion Dr** <br> **Suite 600 Morrisville, NC 27560** <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.decurtis.com** |

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **DeCurtis LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_3341_

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

Debtor    **DeCurtis LLC**                                                        Case number (*if known*) _____
_____
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **DeCurtis Holdings LLC** | Relationship | **Parent** |
| District | **Delaware** | When | Case number, if known |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency _____
          Contact name   _____
          Phone          _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **DeCurtis LLC**                                                                    Case number (*if known*) _____
_____
Name

**16.  Estimated liabilities**    ☐ $0 - $50,000                   ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                                 ☐  $50,001 - $100,000             ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                 ☐ $100,001 - $500,000            ■ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                 ☐ $500,001 - $1 million          ☐ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | **DeCurtis LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **04/30/2023**
MM / DD / YYYY

X **/s/ Joseph J. Carino**
Signature of authorized representative of debtor

**Joseph J. Carino**
Printed name

Title **Chief Financial Officer**

**18. Signature of attorney**

X **/s/ Christopher M. Samis**
Signature of attorney for debtor

Date **04/30/2023**
MM / DD / YYYY

**Christopher M. Samis**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **302-984-6000**  Email address  **csamis@potteranderson.com**

**DE 4909**
Bar number and State

## OMNIBUS WRITTEN CONSENT OF
## THE BOARD OF MANAGERS AND SOLE MEMBER

### April 30, 2023

The undersigned, being the members of the board of managers (the "***Board***") of DeCurtis Holdings LLC, a Delaware limited liability company ("***Holdings***"), and being the sole member (the "***Member***") of DeCurtis LLC, a Delaware limited liability company (the "***Subsidiary***" and, together with Holdings, each a "***Company***" and collectively, the "***Companies***"), as applicable, hereby take the following actions and adopt the following resolutions (the "***Resolutions***") by written consent as of the date first written above, pursuant to Section 18-302(d) of the Delaware Limited Liability Company Act, and the limited liability company agreement, as applicable (each, an "***LLC Agreement***"), of each of the Companies currently in effect:

### APPROVAL OF CHAPTER 11 PETITION

**WHEREAS,** in light of the Companies' financial condition, the Companies were directed to formally engage certain professionals to advise the Companies on the restructuring of the Companies, including seeking relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), if advisable; and

**WHEREAS,** the Companies have reviewed the materials presented by their financial and other advisors, and the Board has engaged in numerous and extensive discussions (including, without limitation, with management and professional advisors) regarding the Companies' financial condition, including their liabilities and liquidity position, strategic alternatives available to them, and the impact of the foregoing on the Companies' business and operations; and

**WHEREAS,** the Board has formed a Restructuring Committee (the "***Restructuring Committee***") for the purpose of advising on the strategic alternatives available to the Companies; and

**WHEREAS,** having considered the advice of financial and other advisors, and the Restructuring Committee, the Companies and the Board have determined that it is desirable and in the best interests of the Companies and their creditors, employees, and other interested parties that a petition be filed by each Company, seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after due consultation with members of the Companies' management and the legal and financial advisors of the Companies, that it is advisable and in the best interests of the Companies and all of their residual claimants, including their creditors and other parties in interest, that the Companies shall be, and hereby are, authorized to file, or cause to be filed, petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code to commence the chapter 11 cases and any other order that may be desirable under applicable law; and it is further

**RESOLVED**, that each of the Chief Executive Officer, the Chief Financial Officer and Corporate Secretary (each an "***Authorized Officer***") on behalf of the Companies be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to execute and verify a petition under chapter 11 of the Bankruptcy Code (including any and all plans, schedules, statements, motions, lists, applications, pleadings,

orders, and other documents) and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") at such time or in such other jurisdiction as the Authorized Officer executing the petition shall determine; and it is further

**RESOLVED**, that the law firms of Cooley LLP and Potter Anderson & Corroon LLP be, and hereby are, employed as attorneys for the Companies under respective general retainers in any such chapter 11 cases, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that the law firm of Groombridge, Wu, Baughman & Stone LLP be, and hereby is, employed as special counsel for the Companies under a general retainer in any such chapter 11 cases, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that Province, LLC be, and hereby is, employed as financial advisor to assist the Companies in any such chapter 11 cases, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that Omni Agent Solutions be, and hereby is, employed as claims and noticing agent and administrative agent for the Companies under a general retainer in any such chapter 11 cases, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that in connection with the commencement of any chapter 11 cases, the Companies hereby (i) approve the terms and provisions of that certain *Senior Secured Superpriority Debtor-in-Possession Credit Facility Term Sheet* (the "***DIP Term Sheet***") by and among Invictus Global Management, LLC, as administrative and collateral agent, the lenders party thereto from time to time, and the Companies, which will be secured by certain of the assets of the Companies, (ii) consent to, authorize and direct the execution, delivery and the performance thereof by the Companies, (iii) consent to, authorize and direct the Authorized Officers, on behalf of the Companies, to enter into other documents evidencing or documenting the DIP Term Sheet, including any loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto in each case in such form as an Authorized Officer may approve, and making changes to the DIP Term Sheet, as may be deemed necessary or appropriate by the Authorized Officer (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer), and (iv) consent to and authorize the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the DIP Term Sheet; provided that any material amendments, extensions, supplements or modifications of the DIP Term Sheet are subject to review and consent by the Board; and it is further

**RESOLVED**, that Authorized Officers be, and each of them here is, acting singly or together, authorized and directed in the name of and on behalf of the Companies to (i) enter into negotiations with any interested parties regarding a purchase of any or all of the assets (of any kind) of any or all of the Companies' or any of the Companies' other direct or indirect subsidiaries, whether pursuant to a plan or otherwise (such sale, a "***Sale***"), (ii) file a motion with the Bankruptcy Court seeking approval of bidding procedures to be used to facilitate the Sale, (iii) execute and deliver an agreement providing for such Sale (the "***Sale Agreemen***t") in connection with the Sale, (iv) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval

for the transaction contemplated thereby, (v) if the Authorized Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Sale, (vi) to organize and manage a sale process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, as well as negotiate and entering into an agreement with such stalking horse bidder, and (vii) enter into such additional agreements, consents, certificates, amendments, and instructions as may be necessary to obtain approval for and effect the transaction contemplated thereby; provided that the foregoing shall be subject to review and consent by the Board in connection with the Sale or potential Sale of all or a material portion of the assets of the Companies; and it is further

**RESOLVED**, that in connection with the chapter 11 cases, each Authorized Officer, and such other officers of the Companies as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Companies, to cause the Companies to take such actions and execute such documents as are necessary to effectuate a Sale or Sales of the assets of the Companies, in a manner determined by the Authorized Officer to represent the best interests of the Companies and its creditors, provided that any Sale or potential Sale of all or a material portion of the assets of the Companies shall be subject to review and consent by the Board; and it is further

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Companies' chapter 11 cases, with a view to the successful prosecution of such cases; provided that the retention of professionals in connection with the Companies' chapter 11 cases that are in addition to Cooley LLP, Potter Anderson & Corroon LLP, Groombridge, Wu, Baughman & Stone LLP, Province, LLC, and Omni Agent Solutions shall be subject to review and consent by the Board; and it is further

**RESOLVED**, that each Authorized Officer and such other officers of the Companies as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable, to effectuate the successful prosecution of the Companies' chapter 11 cases, with a view to the successful prosecution of such cases; provided that each of the foregoing shall be subject to review and consent by the Board with respect to any act or transaction that does not fall within the ordinary course of business of the Companies; and it is further

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized and empowered, on behalf of and in the name of the Companies, to execute such consents on behalf of the Companies as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized and empowered, on behalf of and in the name of the Companies, to take such other actions on behalf of the Companies as approved and authorized by the Restructuring Committee to the extent such authorization and approval is within the Restructuring Committee's power and authority provided to it by the Board; and it is further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officers of the Companies in the name of and on behalf of the Companies in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed, approved and adopted as a duly authorized act of the Companies in all respects and for all purposes.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Board and the Member duly called and constituted, pursuant to the applicable LLC Agreement of each such Company and the laws of the State of Delaware, as applicable to each Company.

This written consent may be executed in as many electronic or original counterparts as may be required; all counterparts shall collectively constitute one and the same consent. This written consent shall be filed with the minutes of the proceedings of the Board and the Member.

* * * * * *

IN WITNESS WHEREOF, the undersigned Board of Holdings has executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS:**

_____
Andrew Howard

_____
Michael LaSalle

_____
Blair Brenton

_____
David DeCurtis

_____
Derek Fournier

_____
David Mack

IN WITNESS WHEREOF, the undersigned sole Member of DeCurtis LLC has executed this written consent as of the date first set forth above.

**SOLE MEMBER:**

**DECURTIS HOLDINGS LLC**

By: _____
Name:  Derek Fournier
Title:    Chief Executive Officer

| Debtor name | DECURTIS HOLDINGS LLC, *et al.* |

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

☐ Check if this is an amended filing

**Official Form 204**

**Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders** 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1  Carnival Corporation & PLC<br>Carnival Pl<br>4655 NW 87th Ave<br>Miami, FL 33178-2428 | Carnival Corporation & PLC<br>Tel: 305-416-6880<br>Email: JORGE.ESPINOSA@GRAY-ROBINSON.COM | Litigation | Contingent, Unliquidated & Disputed | | | $21,000,000.00 |
| 2  City National Bank, as Agent<br>City Loan Ctr<br>P.O. Box 60938<br>Los Angeles, CA 90060-0938 | City National Bank, as Agent<br>Tel: 213-673-8284<br>Email: MATT.RUDY@CNB.COM | Bank Loan | | | | $9,807,869.37 |
| 3  Groombridge, Wu, Baughman & Stone LLP<br>565 5th Ave, Ste 2900<br>New York, NY 10017 | Groombridge, Wu, Baughman & Stone LLP<br>Tel: 332-269-0030<br>Email: Nick.Groombridge@groombridgewu.com | Professional Services | | | | $4,756,733.10 |
| 4  Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S Figueroa St, 10Th Fl<br>Los Angeles, CA 90017 | Quinn Emanuel Urquhart & Sullivan, LLP<br>Tel: 213-443-3000<br>Email: RebeccaMcCauley@quinnemanuel.com | Professional Services | | | | $3,296,723.55 |
| 5  Freeborn & Peters, LLP<br>311 S Wacker Dr, Ste 3000<br>Chicago, IL 60606-6679 | Freeborn & Peters, LLP<br>Tel: 312-360-6000<br>Email: TSMITH@FREEBORN.COM | Professional Services | | | | $2,005,145.49 |

Debtor name  DECURTIS HOLDINGS LLC, *et al.*  Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  Cornerstone Group<br>2 Embarcadero Ctr, 20th Fl<br>San Francisco, CA 94111-3922 | Cornerstone Group<br>Tel: 415-229-8236<br>Email: LREAMY@CORNERSTONE.COM | Professional Services | | | | $1,336,768.01 |
| 7  Morgan Lewis LLP<br>1701 Market St<br>Philadelphia, PA 19103-2921 | Morgan Lewis LLP<br>Tel: 215-963-5000<br>Email: JULIE.GOLDEMBERG@MORGANLEWIS.COM | Professional Services | | | | $525,498.99 |
| 8  Sullivan & Cromwell LLP<br>Treasury Dept<br>125 Broad St, Rm 2021<br>New York, NY 10004-2498 | Sullivan & Cromwell LLP<br>Tel: 212-558-7100<br>Email: PARISA@SULLCROM.COM | Professional Services | | | | $393,165.17 |
| 9  Homer Bonner Jacobs Ortiz, PA<br>1200 Four Seasons Tower<br>1441 Brickell Ave<br>Miami, FL 33131 | Homer Bonner Jacobs Ortiz, PA<br>Tel: 305-350-5100<br>Email: ASCHWARTZ@HOMERBONNER.COM | Professional Services | | | | $332,698.58 |
| 10  Impact Trial Consulting LLC<br>8875 Hidden River Pkwy, Ste 300<br>Tampa, FL 33637 | Impact Trial Consulting LLC<br>Tel: 917-722-0801<br>Email: JSTEVENSON@IMPACTTRIAL.COM | Professional Services | | | | $269,562.04 |
| 11  Peritum LLC<br>1401 Red Oak Trl<br>Fairview, TX 75069 | Peritum LLC<br>Tel: 214-296-9294<br>Email: MATTHEW.SHOEMAKE@PERITUM.COM | Professional Services | | | | $180,073.72 |
| 12  Blueed Technology Private Ltd<br>Raga, Flat 1804, Salarpuria Sattva<br>Cadenza Apt, Near Kudlu Signal<br>Hosur Main Rd<br>Bangalore Karnataka 560068<br>India | Blueed Technology Private Ltd<br>Tel: 832-992-3978<br>Email: VIVEK@BLUEED.COM | Dev Partner | | | | $160,000.00 |

Debtor name DECURTIS HOLDINGS LLC, *et al.*

Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  Scansource 24263 Network Pl Chicago, IL 60673-1242 | Scansource Tel: 864-288-2432 Email: NACS@SCANSOURCE.COM | Trade Payable | | | | $132,424.34 |
| 14  Transperfect Holdings LLC 1250 Broadway, 32nd Fl New York, NY 10001 | Transperfect Holdings LLC Tel: 212-689-5555 Email: NEWYORK@TRANSPERFECT.COM | Professional Services | | | | $104,874.41 |
| 15  Consilio 1828 L St NW, Ste 1070 Washington, DC 20036 | Consilio Tel: 310-867-4902 Email: MKILDOW@CONSILIO.COM | Professional Services | | | | $102,271.58 |
| 16  Copy Center Miami 30 SW 1st St, Office 20 Miami, FL 33130 | Copy Center Miami Tel: 786-906-7028 Email: INFO@COPYCENTERMIAMI.COM | Professional Services | | | | $98,841.25 |
| 17  Copytech Solutions USA Inc 25 SE 2nd Ave, Ste 1200 Miami, FL 33131 | Copytech Solutions USA Inc Tel: 305-377-4606 Email: RONC@COPYTECHSOLUTIONS.COM | Professional Services | | | | $91,285.69 |
| 18  Cherry Bekaert, LLP P.O. Box 25549 Richmond, VA 23260-5500 | Cherry Bekaert, LLP Tel: 919-782-1040 Email: JSIMMONS@CBH.COM | Professional Services | | | | $83,187.50 |
| 19  Maxiru LLC 10563 E Key Dr Boca Raton, FL 33498 | Maxiru LLC Tel: 717-265-4361 Email: MAX@MAXIRU.COM | Dev Partner | | | | $52,500.00 |

Debtor name  DECURTIS HOLDINGS LLC, *et al.*                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Office Store Inc<br>dba Trial Copy<br>27 SE 1 Ave<br>Miami, FL 33131 | Office Store Inc<br>Tel: 305-520-5400<br>Email: ADMIN@TRIALCOPY.COM | Professional Services | | | | $23,765.30 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) | Case No. 23-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## LIST OF EQUITY HOLDERS[2]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, DeCurtis

Holdings LLC owns 100% of the equity interests in DeCurtis LLC.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  DeCurtis Holdings LLC (2384) and DeCurtis LLC (2241).  The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 cases.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) Case No. 23-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor DeCurtis LLC's equity interest:

| Shareholder | Percentage |
|---|---|
| DeCurtis Holdings LLC | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  DeCurtis Holdings LLC (2384) and DeCurtis LLC (2241).  The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

**Fill in this information to identify the case:**

Debtor name __**DeCurtis LLC**__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __**04/30/2023**__

X */s/ Joseph J. Carino*
Signature of individual signing on behalf of debtor

**Joseph J. Carino**
Printed name

**Chief Financial Officer**
Position or relationship to debtor