## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| DECURTIS LLC,[1] | Case No. 23-10549 (JKS) |
| Debtor. | |
| | **Hearing Date: March 4, 2026 at 10:00 a.m. (ET)** |
| | **Obj. Deadline: February 25, 2026 at 4:00 p.m. (ET)** |

## MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ESCROW AGENT TO DISTRIBUTE FUNDS FOR PAYMENT OF PROFESSIONAL FEES AND (II) GRANTING RELATED RELIEF

Potter Anderson & Corroon LLP ("Potter Anderson"), as the escrow agent and former counsel to DeCurtis LLC, the debtor in the above-captioned case (the "Debtor" and together with former debtor DeCurtis Holdings LLC[2], the "Debtors"), hereby files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing Potter Anderson to distribute funds held in escrow to the Debtor Professionals (defined below) on account of unpaid, allowed professional fees and expenses (the "Professional Fees"), and (ii) granting related relief. In support of this Motion, Potter Anderson respectfully states as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]    The Debtor in this chapter 7 case, along with the last four digits of each Debtor's federal tax identification number is DeCurtis LLC (9241).

[2]    The bankruptcy case of DeCurtis Holdings LLC was converted to a case under Chapter 7 of the Bankruptcy Code (defined herein) on August 29, 2023, and was closed on October 4, 2025. As of the filing of this Motion, the bankruptcy case of Debtor DeCurtis LLC remains open.

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

2.       This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Potter Anderson consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.       The statutory predicates for the relief requested herein are sections 105(a), 330, and 331 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  Additionally, paragraph 37 of the Final DIP Order (defined below) provides, among other things, that "[t]he Debtors shall use funds held in the Funded Reserve Account exclusively to pay Professional Fees . . . as they become allowed and payable pursuant to the Bankruptcy Code, the Bankruptcy Rules, the [Local Rules] . . . (regardless of when such Professional Fees are allowed by the Court) . . . ." Final DIP Order, ¶ 37(iii).  Further, the Court retained jurisdiction to hear and determine all matters arising from or relating to the Final Fee Order (defined below).  The Final Fee Order also provides that "the Escrow Agent shall not disburse any other funds held in the [Funded Reserve Account] pending further order of the Court."  Final Fee Order, ¶ 6.

## **BACKGROUND**

### I.       **General Background**

5.       On April 30, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware (the "Court") commencing their respective chapter 11 cases (together, the "Chapter 11 Cases").

6.      The Chapter 11 Cases were jointly administered before the Honorable J. Kate Stickles under the main case of DeCurtis Holdings LLC, Case No. 23-10548 (JKS). *See* Case No. 23-10548 (JKS), Docket No. 55.

7.      During the Chapter 11 Cases the Debtors filed applications seeking authority to retain and employ the following professionals on behalf of the Debtors' estates: Cooley LLP, Potter Anderson, Province, LLC, Omni Agent Solutions, and Groombridge, Wu, Baughman & Stone, LLP (collectively, the "Debtor Professionals"). *See* Case No. 23-10458 (JKS), Docket Nos. 93, 119, 120, 121, 122, and 123. The Court entered orders approving the retention applications. *See* Case No. 23-10458 (JKS), Docket Nos. 210, 213, 214, 215, 227. On May 19, 2023, the Office of the United States Trustee (the "U.S. Trustee") filed the *Statement that Unsecured Creditors' Committee Has Not Been Appointed*. *See* Case No. 23-10458 (JKS), Docket No. 126.

## II.      The Funded Reserve Account

8.      On May 1, 2023, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Secured Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "DIP Motion")[3] seeking approval of a debtor in possession loan facility (the "DIP Facility") to fund the Debtors' operating expenses and Chapter 11 Cases. *See* Case No. 23-10458 (JKS), Docket No.

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion, Final DIP Order (defined below), or Final Fee Order (defined below), as applicable.

15. The loan was provided by the Debtors' first lien lenders with Invictus Global Management LLC, also serving as the DIP Agent.

9. On June 23, 2023, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral on a Limited Basis, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Case No. 23-10458, Docket No. 285] (the "Final DIP Order"). The Final DIP Order authorized, among other things, the Debtors to borrow up to approximately $6.5 million in debtor in possession financing loans on a final basis. Final DIP Order, Intro. The Final DIP Order also provided that:

> [T]he Debtors shall fund from the DIP Facility or cash on hand into a segregated account (the "Funded Reserve Account") held in trust by an entity to be named by agreement of the Debtors and DIP Agent for the benefit of [the Debtor Professionals] an amount equal to the aggregate amount of the estimated accrued fees of [the Debtor Professionals], based on the estimates provided weekly (the "Weekly Fee Estimates") remaining unpaid as of the Friday of the preceding week (and not previously funded to the Funded Reserve Account) and in all instances subject to the amounts set forth in the Approved Budget.

Final DIP Order ¶ 37(ii).

10. The Funded Reserve Account was held by Potter Anderson as escrow agent. Pursuant to the Final DIP Order, the Debtor Professionals provided Weekly Fee Estimates to the DIP Agent and the Debtors funded the Funded Reserve Account in accordance with the Weekly Fee Estimates. The last Weekly Fee Estimate was provided to, and approved by, the DIP Agent for the period through and including August 16, 2023.[4]

---

[4] Province provided a 13-week budget—the last approved budget—to the Debtors' Chief Financial Officer on July 19, 2023 that included weekly forecasts through September 29, 2023. In light of the Carve-Out Trigger Notice (as defined in the Final DIP Order) sent by the DIP Agent on August 16, 2023, and the conversion of the Chapter

### III.    Conversion of the Chapter 11 Cases

11.    On August 17, 2023, the Debtors filed the *Emergency Motion of the Debtors (I) for an Order, Pursuant to Section 1121(A) and (B) of the Bankruptcy Code, Converting the Debtors' Cases to Cases under Chapter 7 (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon and (III) Granting Related Relief* [Case No. 23-10458 (JKS), Docket No. 481] (the "Conversion Motion").  On August 29, 2023, the Court entered an order (the "Conversion Order") approving the Conversion Motion and converting the Debtors' Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code.  *See* Case No. 23-10458 (JKS), Docket No. 545.

### IV.    Final Fee Order

12.    Pursuant to the Conversion Order and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 23-10458 (JKS), Docket No. 174] (the "Interim Compensation Order"), the Debtor Professionals filed their final applications for compensation for their services and reimbursement of expenses (the "Final Fee Applications").  *See* Case No. 23-10458 (JKS), Docket Nos. 626, 627, 628, 632, and 634.  On December 27, 2023 and January 30, 2024, the Court held hearings (collectively, the "Hearings") to consider approval of the Final Fee Applications.

13.    On March 28, 2024, the Court entered an order [Case No. 23-10458 (JKS), Docket No. 784] (the "Final Fee Order") approving the final allowance of compensation and reimbursement of reasonable and necessary expenses in the amounts set forth on Exhibit 1 to the Final Fee Order.

---

11 Cases to cases under Chapter 7 of the Bankruptcy Code on Augst 29, 2023, the last "funding" of the Funded Reserve Account was for the week of August 12, 2023 through August 16, 2023.  *See* Case No. 23-10458 (JKS), Docket No. 473.

14. The Final Fee Order also authorized Potter Anderson, as the escrow agent, to (i) remit amounts from the Funded Reserve Account to the respective Debtor Professionals in the amounts set forth on Exhibit 1 of the Final Fee Order, and (ii) pay the Chapter 7 trustee in the amount of $15,000 from the Funded Reserve Account to account for the shortfall in funding to the Chapter 7 trustee under paragraph 37(i) of the Final DIP Order. Final Fee Order, ¶¶ 2-5. The Court required a further Court order with respect to any other disbursements from the Funded Reserve Account. *Id.* at ¶ 6 ("Other than the amounts set forth in paragraphs 4 and 5 herein, [Potter Anderson] shall not disburse any other funds held in the [Funded Reserve Account] pending further order of the Court.").

15. After application of the disbursements from the Funded Reserve Account pursuant to the Final Fee Order, the Debtor Professionals retained allowed Chapter 11 administrative expense claims for all unpaid approved amounts. *Id.* at ¶ 7. Those amounts are as follows:

| Debtor Professional | Administrative Expense Claim for Unpaid Professional Fees |
|---|---|
| **Cooley LLP** *as Counsel to the Debtors* | $142,086.32 |
| **Potter Anderson & Corroon LLP** *as Co-Counsel to the Debtors* | $232,959.29 |
| **Groombridge, Wu, Baughman & Stone LLP** *as Special Counsel to the Debtors* | $753,399.68 |

16. Following entry of the Final Fee Order and disbursement of the approved amounts from the Funded Reserve Account, there is $487,510.75 remaining in the Funded Reserve Account. Such remaining amount has been held pending further order of the Court. Final Fee Order, ¶¶ 4-6.[5]

---

[5] As reflected in footnote 3 of the *Certification of Counsel Regarding Revised Omnibus Order Awarding Final Fee Applications* [Case No. 23-10548-JKS, Docket No. 783], the Final Fee Order contemplates that a balance would

17.     To the extent the payments from the Funded Reserve Account and the Retainers were insufficient to pay any Debtor Professionals in full for their allowed final fees and expenses, the Final Fee Order provided that such Debtor Professional held an allowed chapter 11 administrative expense claim for the unpaid amounts of such allowed final fees and expenses. Final Fee Order, ¶7.

18.     As the Court may recall, there was confusion during the Hearings because the Funded Reserve Account also held amounts in escrow for non-debtor professionals, including lenders' fees and expenses to be paid in accordance with the Final DIP Order.  The Debtor Professionals anticipated that the parties would reconcile such amounts promptly following the Hearings, but given the upheaval in the cases and the related litigation, that exercise was not accomplished until recently.

19.     To that end, Province, LLC ("Province"), the Debtors' former financial advisor, analyzed the balance held in the Funded Reserve Account and has determined that those amounts were funded by the lender pursuant to the Final DIP Order in accordance with the Weekly Fee Estimates that were provided to the DIP Agent prior to an Event of Default or the issuance of a Carve Out Trigger Notice.

20.     Prior to the filing this Motion, Potter Anderson discussed this issue with the Debtor Professionals, counsel to the Chapter 7 Trustee, counsel to the U.S. Trustee, and counsel to the DIP Agent, who did not indicate any objection to the disbursement of the escrowed funds.

**RELIEF REQUESTED**

21.     By this Motion, Potter Anderson seeks entry of the Proposed Order (i) authorizing Potter Anderson, as escrow agent, to distribute the remaining funds held in the Funded Reserve

---

remain in the Funded Reserve Account and that such amounts shall continue to be held pending further order of the Court.

Account to the Debtor Professionals on account of unpaid allowed Professional Fees in the amounts listed on Exhibit 1 to the Proposed Order attached hereto as **Exhibit A**, and (ii) granting related relief.

## **BASIS FOR RELIEF**

22.     It is axiomatic that a bankruptcy court has authority to "interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2205 (2009); *see also Protarga, Inc. v. Webb (In re Protarga, Inc.)*, 329 B.R. 451, 479 (Bankr. D. Del. 2005) (holding that bankruptcy courts have the inherent authority to enforce compliance with their lawful orders). Here, the Court specifically retained jurisdiction to (i) "hear and determine all matters arising from or relating to" the Final Fee Order (Final Fee Order, ¶ 10), (ii) hear and determine matters "related to the implementation, interpretation and/or enforcement of" the Conversion Order (Conversion Order, ¶7), and (iii) enter a further order authorizing disbursement of any additional funds from the Funded Reserve Account. Final Fee Order, ¶ 6.

23.     Further, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

24.     The Final Fee Order specifically reserved for additional disbursements from the Funded Reserve Account to be paid pursuant to further order of the Court. Accordingly, Potter Anderson respectfully requests that Potter Anderson, as escrow agent, be authorized to distribute the remaining funds held in the Funded Reserve Account to the Debtor Professionals in amounts listed on Exhibit 1 to the Proposed Order.

25.     The Court previously approved (i) the retention of the Debtor Professionals, (ii) the procedures for compensation of fees and reimbursement of expenses to such professionals in

accordance with their respective retention orders, the Final DIP Order, the Interim Compensation Order, and the Final Fee Order, and (iii) the remittance of funds from the Funded Reserve Account to the respective Debtor Professionals in the amounts set forth on Exhibit 1 of the Final Fee Order. Pursuant to the Final Fee Order, the Court, also reserved the right to enter a subsequent order authorizing additional disbursements from the Funded Reserve Account.

26.     While it has taken much longer than the parties anticipated at the time, given the upheaval in the case and subsequent litigation, Province analyzed the balance held in the Funded Reserve Account and has determined that those amounts were funded by the lender pursuant to the Final DIP Order in accordance with the Weekly Fee Estimates that were provided to the DIP Agent prior to an Event of Default or the issuance of a Carve Out Trigger Notice.  Under the Final DIP Order, those amounts were reserved for the Debtor Professionals and should be paid to them on account of their unpaid, allowed Professional Fees.

27.     Moreover, the Debtors' Chapter 11 Cases were converted to cases under Chapter 7 of the Bankruptcy Code almost two and a half years ago and no parties have come forward claiming rights to the funds held in the Funded Reserve Account.  Prior to the filing of this Motion, Potter Anderson discussed the issue with the Debtor Professionals, counsel to the Chapter 7 Trustee, counsel to the U.S. Trustee, and counsel to the DIP Agent and those parties have confirmed no objection to the relief requested, including disbursement of the escrowed funds.

28.     Accordingly, Potter Anderson respectfully requests the Court to enter the Proposed Order, (i) authorizing Potter Anderson to distribute the remaining funds in the Funded Reserve Account to the Debtor Professionals on account of unpaid allowed Professional Fees in the amounts reflected in Exhibit 1 to the Proposed Order, and (ii) granting related relief.

## NOTICE

29.     Potter Anderson shall provide notice of this Motion to (a) the U.S. Trustee; (b) the Debtor Professionals; (c) former counsel to the DIP Agent; (d) the DIP Agent; (e) counsel to the Chapter 7 trustee; and (f) the additional parties listed on the attached certificate of service.  In light of the nature of the relief requested herein, Potter Anderson submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, Potter Anderson, as escrow agent, respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: February 18, 2026
      Wilmington, Delaware

Respectfully submitted,

*/s/ Sameen Rizvi*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
Gregory J. Flasser (No. 6154)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
      astulman@potteranderson.com
      gflasser@potteranderson.com
      srizvi@potteranderson.com

*Escrow Agent and Former Counsel to the Debtors*