## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| DECURTIS LLC,[1] | ) Case No. 23-10549 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) **Re: Docket No. __** |
| | ) |

**ORDER (I) AUTHORIZING ESCROW AGENT TO DISTRIBUTE FUNDS FOR
PAYMENT OF PROFESSIONAL FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Potter Anderson, as escrow agent and former counsel to the Debtors, for entry of an order, (i) directing and authorizing Potter Anderson to distribute escrow funds to the Debtor Professionals on account of unpaid allowed Professional Fees, and (ii) granting related relief; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion was appropriate under the circumstances and no other or further notice needing be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

---

[1]    The Debtor in this chapter 7 case, along with the last four digits of each Debtor's federal tax identification number is DeCurtis LLC (9241).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      Potter Anderson is authorized to distribute the remaining funds held in the Funded Reserve Account to the Debtor Professionals on account of unpaid allowed Professional Fees in the amounts set forth on <u>Exhibit 1</u> hereto.

3.      The entry of this Order does not affect the Final Fee Order in any way other than authorizing the disbursement of the funds held in the Funded Reserve Account and payment of certain of the unpaid Professional Fees.  For the avoidance of doubt, each Debtor Professional shall continue to have an allowed chapter 11 administrative expense claim for any unpaid allowed Professional Fees.

4.      Potter Anderson is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

5.      This Order shall be effective immediately upon entry.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**EXHIBIT 1**

| Debtor Professional | Disbursement from Funded Reserve Account |
|---|---|
| **Cooley LLP**<br>*as Counsel to the Debtors* | $59,820.04 |
| **Potter Anderson & Corroon LLP**<br>*as Co-Counsel to the Debtors* | $98,078.65 |
| **Groombridge, Wu, Baughman & Stone LLP**<br>*as Special Counsel to the Debtors* | $309,612.06 |
| **TOTAL** | **$467,510.75[1]** |

---

[1]   The total amount in the Funded Reserve Account to be disbursed has been reduced by $20,000.00 on account of fees incurred by Potter Anderson in connection with preparing the Motion, resulting in a disbursement to Potter Anderson in the amount of $118,078.65.